Moncure, J.
delivered the opinion of the court:
The action brought by a father for the seduction of his daughter is founded on the supposed relation of master and servant; and at common law, it was necessary to aver and prove loss of service in order to maintain the action. It was long and well settled, however, that loss of actual service had little to do with the action; and that, in substance, it was an action for damages, not only for the loss of service, *574 but also for all that the plaintiff could feel from the nature of the injury. The jury, in assessing the damight consider his loss of the comfort, as well as the service, of the daughter, in whose virtue he cou^¿ feel no consolation, and his anxiety as the parent of other children whose morals might be corrupted by her example. Greenl. Ev. § 579. The Code, ch. 148, § Í, p. 589, has provided, that “an action for seduction may be maintained without any allegation or proof of the loss of the service of the female by reason of the defendant’s wrongful act.” The action is now, in form as well as substance, an action to recover damages for the wound inflicted by the seducer on the peace and happiness of the injured father. These damages are exemplary; and whatever evidence reasonably tends to aggravate the offender’s wrong, and show the extent of the father’s loss, is legal and proper. Evidence of the means by which the seduction was accomplished is of that character. And upon principle, therefore, it would seem to be very clear, that if the wicked act was accomplished by means of a prior promise of marriage, evidence of such promise would be admissible in aggravation of the damages. That such promise is an independent cause of action by the daughter, is no good reason why it should not be proved in aggravation of damages in the father’s action for seduction. His action is ex delicto; lier’s ex contractu. The evidence is merely collateral to his action, while it is the very foundation of her’s. Each has a perfect right to recover damages to the full extent of the wrong done to each; and in order to do so, may prove whatever may reasonably serve to show the measure of damages sustained by each.
.Thus stands the case on principle. How does it stand on authority? We have no decision of our own on the subject, and are therefore left free to follow *575 principle, aided by whatever light we may be able to derive from decisions elsewhere. In Dodd v. Norris, 3 Camp. R. 519, decided at nisi prius in 1814, Ellenborough held that the daughter, examined as a witness in the action, might be asked whether the defendant had not paid his addresses to her in an honorable way, but not whether he had promised to marry her. To admit evidence of a direct promise of marriage would be, he said, to allow the parent to recover damages for a breach of that promise upon the testimony of the daughter. We cannot see the force of the distinction thus drawn between evidence of a direct promise of marriage, and evidence tending to prove such a promise. If one is admissible, the other should be. This case has never, so far as we have seen, been directly recognized as a binding authority in England. In Elliott v. Nicklin, 5 Price’s R. 641, decided by the Court of exchequer in 1818, Dodd v. Norris was referred to and explained by Gfarrow, baron, who had been counsel in the case. There the evidence was not of a promise of marriage, but that the defendant was addressing the plaintiff’s daughter; and the court unanimously admitted the evidence. They carefully avoided deciding the question whether evidence of a promise of marriage would have been admissible, as the case did not require it. There has been no other English ease on the subject since Dodd v. Norris, that we have seen. There is a prior case, Tullidge v. Wade, 3 Wils. R. 18, decided in the Common pleas in 1769. But in that case the evidence was admitted, and with approbation, by Lord C. J. Wilmot; though Bathurst, one of the justices, said such evidence was improper. In Yew York, it seems, the doctrine of Dodd v. Norris has been followed. .1 John. R. 296; 2 Wend. R. 459 ; 7 Id. 193. Though it has been much modified in a more recent case. 5 Denio’s R. 367. New other cases on the subject are to be *576 found in the American books. Some of the best elementary writers seem to disapprove the doctrine of Dodd v. Norris, and think the evidence is or ought to be admissible. See 3 Stephens’ N. P. 2356 ; 3 Starkie’s Ev. 1310, title Seduction; Grreenl. Ev. § 579, same title.
We think the evidence is admissible, for the purpose for which it was offered in this case, and that the judgment should be affirmed.
Judgment affirmed.